BRUCE B. PALLER (SBN:189108)
Attorney at Law
3639 E. Harbor Blvd., #112
Ventura, CA 93001-4276
Telephone: (805)654-1010
Facsimile: (805)654-9090
brucepaller@hotmail.com

Attorney for Plaintiff Rehabbers Financial, Inc., dba Aztec Financial

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.: 1:13-bk-11431-MT |
|---|---|
| Ari Waldstein, | Chapter 13 |
| Debtor. | Adv. No. _____ |
| REHABBERS FINANCIAL, INC., DBA AZTEC FINANCIAL | FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |
| Plaintiff, | [11 U.S.C. §§ 523 (a) (2) and (a) (6); ] |
| vs. | |
| ARI WALDSTEIN, | |
| Defendant. | |

Plaintiff Rehabbers Financial, Inc., dba Aztec Financial ("Aztec"), a creditor of Defendant and Debtor Ari Waldstein ("Waldstein") brings this action to determine his debt is non-dischargeable, and in support thereof alleges as follows:

JURISDICTION AND VENUE

1. This is an adversary proceeding in Case No. 1:13-bk-11431-MT for Ari Waldstein under Chapter 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334, and 11 U.S.C. §§523. This is an adversary proceeding pursuant to Fed R. Bankr P. 7001 and a core proceeding to 28 U.S.C. §§157 (b) (2) (1). Venue is proper in this district since the Debtor's bankruptcy case is pending in the Central District, 28 U.S.C. §1409.

1
FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGABILITY

PARTIES

2. Plaintiff is a business corporation organized under the laws of the State of California, is authorized to do business in the State of California, and maintains its principal office located at 2524 West Magnolia Blvd., Burbank, California, and an alleged victim of the Debtor's fraud and intentional and malicious conduct.

3. Debtor is an individual who at all relevant times hereto residing in this district and is the Debtor in the above-referenced bankruptcy proceeding.

4. On October 28, 2013 an Order on First Amended Confirmation Plan was entered that omitted Aztec as a creditor

5. On or about November 22, 2013, Debtor filed amended schedules adding Aztec as a unsecured nonpriority creditor to her bankruptcy case.

6. Debtor never sought to amend his First Amended Confirmation Plan entered on October 28, 2013.

FIRST CLAIM FOR RELIEF

Non-Dischargability of Debt under 11 USC § 523 (a) (2) (A)

7. This matter arises from a misappropriation of trade secrets. Debtor Waldstein is a licensed real estate broker who was an ex-loan officer for Aztec who, just before resigning from his sales position in April, 2012, stole proprietary client information securely maintained in a data base from Aztec.

8. Prior to resigning, Waldstein began operating in or about November 2011, a loan brokerage business under the name Action Funding, Inc., and began a deliberate pattern of contacting names on the Aztec's data base in violation of the parties written agreement and soliciting their business.

9. On July 27, 2012 , Aztec commenced an action against Waldstein and Action Funding, Inc. in the Los Angeles Superior Court, Case No: LC 097932 seeking, among other things, damages and a restraining order prohibiting Waldstein from using Aztec's database of contacts/leads or

1  soliciting Aztec's clients.

2  10. On or about July 30, 2012, Waldstein was served with a copy of the court's restraining order dated July 27, 2012. However, while in contempt of the court's order Waldstein continues to use Aztec's database of contacts/leads and solicit Aztec's clients..

3  11. As a consequence of Waldstein's conduct, Aztec has lost income. To date, Aztec has lost loan fees, commissions and related income in an estimated amount in excess of $100,000.00. Further, Aztec will continue to loss income in the foreseeable future in an estimated amount in excess of $250,000.00.

4  12. On September 10, 2012 a default was entered against Action Funding, Inc., but Waldstein began filing a series of bankruptcy petitions which stayed the court action to the present.

5  13. As a proximate result of the fraudulent conduct of Waldstein, Plaintiff has been damaged in the sum in excess of Two Hundred Fifty Thousand Dollars $250,000.00, with prejudgment interest due thereon at the legal rate from October 30, 2007.

6  14. In doing the acts complained of, the Debtor's debt, in amount to be determined, is non-dischargeable pursuant to 11 U.S.C. § 523 (a) (2).

SECOND CLAIM FOR RELIEF

Non-Dischargability of Debt Under 11 USC § 523 (a) (4)

15. Plaintiff incorporates all foregoing allegations above.

16. In addition, the Debtor's conduct over a period of many years was deliberate, willful and malicious tortious conduct that severely injured Plaintiff. This conduct was actual fraud, and as a result the Debtor's debt to Plaintiff, in an amount to determine , is non-dischargeable under 11 U.S.C. § 523 (a) (4).

WHERFORE, Plaintiff prays judgment against the Debtor as follows:

a. First Claim for Relief:

  i. For judgment of non-dischargability pursuant to 11 USC § 523 (a) (2) in the amount of $250,000.00;

  ii. Interest at 10% from July 27, 2012;

3

FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGABILITY

1     iii. Punitive damages in the amount of $250,000;

2     iv. For an award of attorney's fees as allowable by law in an amount that the Court

3 determines to be reasonable, and

4     v. Costs of suit.

5   b. Second Claim for Relief:

6     i. For Judgment of Non-Dischargability pursuant to 11 USC § 523 (a) (4) in the amount of

7 $250,000.00;

8     ii. Interest at 10% from July 27, 2012;

9     iii. Punitive damages in the amount of $250,000;

10     iv. For an award of attorney's fees as allowable by law in an amount that the Court

11 determines to be reasonable, and ;

12     v. Costs of Suit.

Dated: April 15, 2014

By: _____
BRUCE B. PALLER, Attorney for
Rehabbers Financial, Inc., dba Aztec Financial

---

4

FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGABILITY